COTHRAN v. MEIKLEJOHN *ET AL.*

(133 S. E., 912)

PARTIES.—An action for accounting for timber sold defendant, defendants claiming part of land on which timber was cut, *held* improperly joined, since they had a right of action against purchaser for damages and were not bound to accept, for timber cut, the contract price as fixed beween plaintiff and purchaser.

Before DENNIS, J., Darlington, January, 1925.   Affirmed.

Action by M. C. Cothran against A. G. Meiklejohn and another, and J. A. Saverance and Minnie Saverance.   Order sustaining demurrers and dismissing complaint as to two last named defendants, and plaintiff appeals.

The order of the Circuit Judge is as follows:

"This matter comes before me upon demurrers.   The defendants J. A. Saverance and Minnie Saverance demur on certain grounds set forth in the demurrer, and the defendants Meiklejohn demur upon grounds set forth in their separate demurrer.   The complaint in this action sets forth that the plaintiff sold to the defendants Meiklejohn certain timber, and that a part of the purchase money for said timber has not been paid, and demands an accounting on the part of the defendants Meiklejohn.   The complaint further alleges that the defendants Meiklejohn have refused to pay to the plaintiff a part of the money which would belong to him, under the complaint, because the defendants J. W. Saverance and Minnie Saverance claim a part of the land upon which this timber was cut.   The complaint brings in the defendants Saverance for a complete determination of this controversy upon the theory that only one matter is involved—that is, the determination of the parties to whom the money belongs.   Under my view of the complaint, J. W. Saverance and Minnie Saverance would not be able in this action to obtain relief such as they should have.   If a part of the timber was cut from lands belonging to the Saverances, they would have a right of action against the Meiklejohns for damages, and they would not be bound to accept, for the timber cut from their lands, the contract price as fixed between the plaintiff and the Meiklejohns.   The interst of the plaintiff and the defendants the Saverances and their claims against the defendants Meiklejohn are entirely of a different character, calling for a different remedy."

"It is ordered and adjudged that the demurrers be and the

same are hereby sustained and the complaint dismissed as to the defendants J. W. Saverance and Minnie Saverance."

*Messrs. Wilcox & Hardee,* for appellant, cite: *What causes of action may be joined:* Code. Civ. Pro., 1922, Sec. 430. *Definition of "transaction" and "transactions connected with the same subject of action:"* 124 Wis., 369; 109 A. S. R., 944; 108 Minn., 342; 133 A. S. R., 451; 1 R. C. L., 363. *Causes of action deemed to arise out of same "transaction" or "transactions connected with the same subject of action:"* 115 S. C., 102; 105 S. C., 75; 48 S. C., 65.

*Messrs. Spears & Want* for respondent cite: *Action against Meiklejohn Lumber Company is one at law:* 24 S. C., 39. *Party having interest in controversy properly made defendant:* Code. Civ. Pro., 1922, Sec. 361. *What parties may be joined as defendants in one action:* 30 Cyc., 125, 127 note, and 132. *What causes of action may be joined:* Code. Civ. Pro., 1922, Sec. 430. Cause of action improperly *joined:* 26 S. C., 72; 1 S. E., 363; 24 S. C., 39; 13 S. C., 317.

*Mr. C. L. Prince,* also for respondents.

July 1, 1926.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons stated in the order of his Honor, the Circuit Judge, the order is affirmed and the appeal dismissed.

MESSRS. JUSTICES WATTS and STABLER concur.

MR. JUSTICE COTHRAN (dissenting). I think that as under the allegations of the complaint the Saverances have demanded from the Meiklejohn Company pay for the timber cut from the disputed area and that the latter has given this as an excuse for not paying the plaintiff, a proper case for interpleader would be presented; and in that event the Saverances would have been made parties, so that complete determination of the rights of all the parties might be had. The plaintiff has accomplished the same purpose by bringing them in originally.

MR. JUSTICE BLEASE concurs.